UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS G. WOLFIN, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:17 CV 1106 RWS |
| | ) |
| JASON LEWIS, | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

This matter is before me upon the petition of Missouri state prisoner Thomas Wolfin for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After carefully considering his pro se petition, respondent's brief, and petitioner's multiple supplemental filings, I will deny the petition for the reasons set forth below.

## ***BACKGROUND***

*A. Trial*

Wolfin was convicted on February 26, 2014, of first-degree domestic assault, third-degree assault of a law-enforcement officer, and resisting arrest in the 24th Judicial Circuit Court of Missouri, St. Genevieve County. (Doc. 16, Ex. 1 at 274). He was sentenced as a prior and persistent offender on May 20, 2014, to prison terms of twenty years for domestic assault and concurrent one-year sentences for the other two convictions. (*Id.* at 296-297).

*B. Direct Appeal*

Petitioner raised two grounds in his direct appeal. (Doc. 16, Ex. 2). First, he argued that the prosecution failed to prove first-degree domestic assault because the victim ("HB") sustained only "physical injury" rather than "serious physical injury" as required by statute. (*Id.* at 17). Second, petitioner argued that the trial court plainly erred in excluding additional evidence surrounding his divorce from HB, because it precluded petitioner from presenting his defense that the allegation of domestic assault was a fabrication intended to obtain favorable divorce settlement terms. (*Id.* at 19).

The Eastern District of the Missouri Court of Appeals affirmed the trial court on both grounds. (Doc. 16, Ex. 6). The court held that the prosecution's burden of proof on first-degree domestic assault was not to show that the victim actually sustained "serious physical injury," but rather that petitioner attempted to cause such injury. (*Id.* at 4). After reviewing the evidence presented at trial, including that "Wolfin told H.B. [throughout the assault] that he was going to kill her[,]" the court held that:

> Evidence that Wolfin repeatedly head-butted H.B., choked [her], and slammed [her] into the floor is consistent with an intent to create a substantial risk of death, serious disfigurement, or impairment. Any of these *individual* acts could qualify as a substantial step toward causing [her] serious physical injury. Evidence of these *cumulative* acts unquestionably [does so.]

(*Id.* at 5) (emphasis added). The court also declined to exercise its discretion to review Wolfin's second point for plain error, because Wolfin failed to raise this claim during his trial. (*Id.* at 6). The court found that petitioner was, in fact, able to present his defense theory to the jury in the form of evidence that H.B. filed for divorce, sought maintenance, and sought an award of property. (*Id.* at 7). The court concluded that the trial court's determination that "any evidence or argument as to the fairness of the divorce settlement was irrelevant and likely to confuse the jury" was a reasonable exercise of its broad discretion. (*Id.*)

### *C. Post-Conviction Review*

Petitioner subsequently returned to the trial court for post-conviction review. His initial pro se motion for an evidentiary hearing (Doc. 16, Ex. 7 at 13) was substantially amended by appointed counsel (*Id.* at 27). His amended motion presented two claims. First, he argued that he received ineffective assistance of trial counsel when counsel did not introduce HB's hospital records as evidence challenging the severity of her injuries. (*Id.* at 28). Second, he argued that he received ineffective assistance of trial counsel when counsel did not have him evaluated for his competency to stand trial. (*Id.* at 30).

The trial court denied both claims. (*Id.* at 61). The court cited the Court of Appeals' holding that the severity of HB's injuries was irrelevant; rather, "the State was required [to show only] that the [petitioner] attempt to kill or cause serious

3

physical injury. The evidence abundantly established such proof, both by [petitioner's] repeated conduct and by [his] statements at the time of the assault, as overheard by the victim's daughter." (*Id.* at 62). The court further held that based on the information available to trial counsel at the time, as evidenced by the trial transcript, petitioner clearly understood the proceedings and was competent to assist in his own defense. (*Id.* at 63).

### D. Appeal of Post-Conviction Review

Petitioner subsequently returned to the Court of Appeals, claiming that the trial court clearly erred in denying his post-conviction review motion. The Court of Appeals affirmed the trial court on both grounds. (Doc. 16, Ex. 10). The Court of Appeals substantially reiterated its previous holding on petitioner's first argument: "Given the abundant evidence showing [petitioner's] attempts to cause serious physical injury, he fails to establish that there is a reasonable probability that the result of the proceedings would have been different if the medical evidence [that serious physical injury was not actually sustained] had been admitted." (*Id.* at 8).

In denying petitioner's second point, the court noted that "'[when] communication problems are caused by the defendant's desire to control the defense, as opposed to mental impairments, and there is no indication that the defendant is generally incapable of cooperating with counsel, the defendant does

4

not demonstrate that he is incompetent to stand trial.'" (*Id.* at 8 (quoting *Davis v. State*, 486 S.W.3d 898, 911-12 (Mo. banc 2016) (internal citation omitted))). The court further observed that "[nothing] in the record was sufficient to indicate to [trial counsel] that [petitioner] possessed a questionable mental condition such that she had a duty to have [him] evaluated. Therefore, that [she] did not have [him] evaluated was not ineffective assistance of counsel." (*Id.* at 10).

*E. Petition for Writ of Habeas Corpus*

Now, Wolfin's pro se petition appears to raise nine grounds for relief, as follows:

First, that he received ineffective assistance of trial counsel because state-appointed public defenders "are defending the state." (Doc. 1 at 6).

Second, that the prosecuting attorney engaged in a conspiracy to fabricate the charges. (*Id.* at 6).

Third, that he received ineffective assistance of trial counsel when counsel did not call additional (unnamed) witnesses and make additional objections. (*Id.* at 14).

Fourth, that he received ineffective assistance of appellate counsel when counsel allegedly accepted a bribe from the prosecuting attorney and did not call additional witnesses as requested by petitioner. (*Id.* at 23).

5

Fifth, that the Missouri Department of Corrections refused to provide allegedly-exculpatory photos sent to Wolfin by family members while he was incarcerated during his appeal. (*Id.* at 25).

Sixth, that his ex-wife and her daughter are mentally disabled. (*Id.* at 28).

Seventh,[1] that each successive defense counsel refused to bring accusations of prejudice against the prosecuting attorney and trial judge. (*Id.* at 34).

Eighth, that he received ineffective assistance from post-conviction review counsel, because counsel *presented the claim* that petitioner's *trial* counsel was ineffective for not having Wolfin examined for mental competency to stand trial. (*Id.* at 37). In other words, Wolfin appears to argue that *because* his PCR counsel presented a claim that trial counsel failed to move for a competency examination, his PCR counsel thereby disparaged Wolfin's mental competency, and therefore his PCR counsel was constitutionally ineffective.

Ninth, that his ex-wife filed a false police report. (*Id.* at 40).

### *LEGAL STANDARD*

A federal district court's power to review state court criminal decisions in a federal habeas corpus proceeding is limited. *Harrington v. Richter*, 562 U.S. 86, 92 (2011) ("Under 28 U.S.C. § 2254(d), the availability of federal habeas relief is

---

[1] Petitioner labels grounds seven, eight, and nine as "Ground 2," "Ground 3," and "Ground 4" with no explanation. For clarity of presentation, I refer to them as his seventh, eighth, and ninth grounds for relief.

limited with respect to claims previously 'adjudicated on the merits' in state-court proceedings"). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 102.

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court

has on a set of materially indistinguishable facts." *Williams,* 529 U.S. at 413. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." *Id.* Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410.

Moreover, "a determination of a factual issue by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In addition, claims in a habeas petition "that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted." *Skillicorn v. Luebbers*, 475 F.3d 965, 976 (8th Cir. 2007). "Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a court may not reach the merits of procedurally defaulted claims in which

the petitioner failed to follow applicable state procedural rules in raising the claims." *Id.*

*ANALYSIS*

*A. Petitioner's claims are procedurally defaulted and without merit.*

Petitioner raises nine claims in his habeas petition. None of these claims were exhausted in state courts. As a result, these claims are procedurally defaulted.

Nonetheless, per 28 U.S.C. § 2254(b)(2), I have substantively reviewed all of Wolfin's claims and find they are without merit. Wolfin has filed handwritten and voluminous submissions that are amply supplied with conspiracy theories[2] and with inflammatory references to Respondent.[3]

Grounds one, two, four, six, and seven are frivolous.

Ground three is without merit because Wolfin fails to identify the witnesses or objections that are the basis of that claim.

Ground five is without merit because Wolfin fails to identify how the photos depicting the circumstances of his arrest would materially differ from the circumstances presented by the arresting officers' testimony at trial. (*Id.* at 25).

---

[2] Including, *inter alia*, that the public defender's office colludes with prosecutors to secure convictions (Doc. 1 at 9), that court clerks have been secretly altering records of documents in his case (Doc. 5 at 2), that the prosecuting attorney bribed petitioner's appellate counsel to throw the case (Doc. 12 at 4), and that a trial judge's implicit warning that he could be held in contempt for disruptive conduct was actually a threat to have him killed (Doc. 20 at 1).
[3] *See, e.g.*, Doc. 1 at 1, wherein he begins his petition by addressing Respondent as the Antichrist.

To the extent that Wolfin further alleges that additional unspecified "class pictures" would demonstrate judicial bias during his trial because an unnamed judge allegedly had a romantic relationship with Wolfin's "sister-in-law's younger sister," ground five is frivolous. (*Id.* at 27) He does not explain how the class pictures would establish such a relationship, much less the relevance of the unnamed judge to petitioner's case.

Ground eight is procedurally defaulted because Wolfin is not pursuing his PCR counsel's claim that Wolfin's trial counsel was ineffective. Rather, Wolfin appears to be arguing that *because* PCR counsel raised this claim, counsel thereby disparaged Wolfin's mental competency and was therefore constitutionally ineffective. Ground eight is also without merit.

In support of ground nine, petitioner states as follows in his pro se petition:

> Ground [Nine]: Filing False Reports
>
> (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): March 15/16 2016 (Friday) night, (Sat) morning, and 1 officer shows up to a Domistic [sic] Violance [sic] call? (Protocol – Standard Procedures)
>
> (b) If you did not exhaust your state remedies on Ground [Nine], explain why: The State's Court appointed attorneys are assisting the States Conviction, They will not help Petitioner Bring Evidence againts [sic] there [sic] Employer and Co-workers, Expecialy [sic] Murder Charges, Distroying [sic] Evidence, Tampuring [sic] with Witnesses & Evidence (Etc.)

(Doc. 1 at 40).

10

The conduct charged in the offense occurred on March 15 and 16 of 2013. (Doc. 16, Ex. 1 at 103-106). It is not clear why petitioner references the same dates in 2016. To the extent ground nine can be inferred to be a claim that the victim lied to police on the night of the offense, ground nine most closely resembles a claim of actual innocence, which is not a cognizable ground for habeas relief.

Alternatively, ground nine may refer to the following portion of the trial transcript, during which Wolfin was being cross-examined by the prosecutor:

> Q. Now, do you recall on February 20, 1996, being sentenced after being found guilty of DWI third offense –
> A. ATV.
> Q. DWI third offense?
> A. On an ATV.
> Q. Is that what you were found guilty of?
> A. On an ATV, yeah.
> Q. So you pled guilty – I'm sorry, you were found guilty of DWI third offense. And you want to make it clear that you were on an ATV at the time?
> A. Right, not in a car.
> Q. And do you recall also being sentenced on the misdemeanor offense of resisting arrest on that same day?
> A. Yeah.
> Q. And actually that was two counts of a misdemeanor of resisting arrest?
> A. Right.
> Q. And you received a sentence of seven years from the judge on the felony charge of DWI third offense.
> A. Right. *That was the same time she got that filing a false police report on me. Got two years probation.*
>    [PROSECUTOR]: Judge, I would ask that that be completely stricken.

11

> THE DEFENDANT: I'm sure you would.
> [PROSECUTOR]: There is absolutely no record of that at all.
> THE DEFENDANT: I got it.
> THE COURT: The objection is sustained. The jury is instructed to disregard the witness's last statement that he volunteered.
> THE DEFENDANT: I'm sure you don't want them to know that.
> THE COURT: Sir, wait until you're asked a question.

(Doc. 16, Ex. 1 at 246-247) (emphasis added). To the extent that ground nine can be inferred to be a claim that the victim filed a false police report in 1996, ground nine fails to state a cognizable habeas claim.

*B. A certificate of appealability is not warranted.*

I have considered whether to issue a certificate of appealability in this matter under 28 U.S.C. § 2253. To grant such a certificate, I must first find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is "a showing that issues are debatable among reasonable jurists, [that] a court could resolve the issues differently, or [that] the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). Upon review of Wolfin's claims, I conclude that he has not made such a showing.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Thomas G. Wolfin, Jr. for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An appropriate Judgment will be issued on this date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of May, 2018.